UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

LAURIE PARKE,

    Plaintiff,

v.                                                                          Case No: 6:23-cv-2221-JSS-UAM

DELTA AIR LINES, INC., and
MARIA WHEATON,

    Defendants.
_____/

## ORDER

Defendant Maria Wheaton moves to dismiss the claims against her in the amended complaint (Dkt. 48) on grounds including lack of personal jurisdiction. (Dkt. 53.) Plaintiff, Laurie Parke, who was pro se when she filed the amended complaint but has been represented by counsel since before she filed her response to the motion, opposes the motion. (Dkt. 69.) Upon consideration, for the reasons outlined below, the court grants the motion.

## BACKGROUND

Plaintiff worked as a flight attendant for Defendant Delta Air Lines, Inc. for over two decades until she was terminated in May 2022. (Dkt. 48 ¶¶ 3, 77.) This dispute arises out of that termination. (*See id. passim*.) According to Plaintiff, Delta responded to the coronavirus pandemic by implementing discriminatory vaccination and masking policies, retaliated against her when she reported the discrimination, and ultimately terminated her employment in retaliation. (*See id.*) Plaintiff alleges that

Wheaton worked for Delta as a customer service supervisor and, along with other Delta employees, engaged in "a coordinated retaliatory action resulting in" Plaintiff's termination. (*Id.* ¶¶ 3, 6, 34.)

Plaintiff describes only one incident involving Wheaton, which occurred on April 18, 2022. (*See id.* ¶¶ 16–62.) Plaintiff states that while she was engaged in preflight activities in Boston, Massachusetts, for a flight to Detroit, Michigan, Wheaton "aggressively confronted" her, "falsely accused" her of showing passengers a photograph that celebrated the vacating of a mask mandate, "aggressively ask[ed] her] where [her] mask was," and pressured her into wearing a mask under the threat of "remov[ing] all the passengers" from the plane. (*Id.* ¶¶ 16, 41, 46, 49–50; *accord id.* ¶¶ 35–36; Dkt. 48-2 at 1, 18.) Plaintiff further states that Wheaton "made false assertions" about this incident as part of "a concerted and planned effort to bring about Plaintiff's termination." (Dkt. 48 ¶¶ 128, 147.)

Plaintiff does not allege where Wheaton or the other individual Defendants reside. (*See id. passim*.) With respect to the case's connections to Florida, Plaintiff asserts that "[t]he action complained of arose in Orange County, Florida[,] . . . in that a substantial part of the events or omissions giving rise to the claim occurred" there. (*Id.* ¶ 4.) In support of this assertion, Plaintiff claims that Delta "is registered to do business in Florida," that she resides in Florida, and that the abovementioned mask mandate was vacated by a federal judge in Florida. (*Id.* ¶¶ 4–5, 16; *accord id.* ¶ 62.) Plaintiff also describes an April 28, 2022 meeting in Florida concerning the April 18, 2022 incident. (*Id.* ¶¶ 66–78.) Allegedly, Plaintiff's Orlando-based in-flight supervisor

and base manager conducted the meeting so "Delta could maintain the appearance of following proper procedure" even though Plaintiff's termination was "a foregone conclusion." (*Id.* ¶¶ 61, 63, 69, 70, 74.) Plaintiff does not assert that Wheaton attended this meeting. (*See id.* ¶¶ 66–78.)

Plaintiff initiated this lawsuit in November 2023 by filing pro se claims against Delta, Wheaton, the in-flight supervisor, the base manager, and three other Delta employees. (Dkt. 1.) Plaintiff asserted claims of discrimination and retaliation under the Americans with Disabilities Act of 1990 (ADA), 42 U.S.C. §§ 12101–12213, and the Genetic Information Nondiscrimination Act of 2008 (GINA), 42 U.S.C. §§ 2000ff to 2000ff-11, as well as violations of Florida law. (Dkt. 1.) With the court's leave, (*see* Dkt. 42), Plaintiff filed an amended complaint clarifying and adding claims, (*see* Dkt. 48). In the amended complaint, Plaintiff sues Delta employees, including Wheaton, for tortious interference with employment relationship and conspiracy to tortiously interfere, and she asserts a theory of respondeat superior against Delta for these torts. (*Id.* ¶¶ 119–30, 136–39.) Plaintiff also sues Delta for discrimination and retaliation under the ADA and GINA, for violation of a Florida whistleblower statute, and for negligent retention, (*id.* ¶¶ 94–118, 131–35), and she sues all Defendants for defamation and conspiracy to defame, (*id.* ¶¶ 140–50.)

Under the case management and scheduling order, the deadline for amending pleadings in this case was June 1, 2024. (Dkt. 26 at 1.) Prior to that deadline, Plaintiff filed a pro se motion seeking leave to file the amended complaint, (Dkt. 35), which as stated above, the court granted, (Dkt. 42). On September 30, 2024, Plaintiff (through

counsel) filed a second amended complaint (Dkt. 68-1) in response to a motion to dismiss by Delta (Dkt. 52). That same day, the court dismissed this case without prejudice as to the five individual Defendants other than Wheaton because Plaintiff failed to comply with Federal Rule of Civil Procedure 4(m) and with a prior order that directed Plaintiff to file proof of service on the individuals by September 24, 2024. (Dkt. 70.) According to a verified return of service, Plaintiff served Wheaton by leaving a summons and complaint with a coresident of suitable age at her Massachusetts residence. (Dkt. 63.)

## APPLICABLE STANDARDS

"A plaintiff seeking to establish personal jurisdiction over a nonresident defendant 'bears the initial burden of alleging in the complaint sufficient facts to make out a prima facie case of jurisdiction.'" *Louis Vuitton Malletier, S.A. v. Mosseri*, 736 F.3d 1339, 1350 (11th Cir. 2013) (quoting *United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1274 (11th Cir. 2009)). "A prima facie case is established if the plaintiff presents sufficient evidence to defeat a motion for a directed verdict." *Morris v. SSE, Inc.*, 843 F.2d 489, 492 (11th Cir. 1988). When a "defendant challenges jurisdiction by submitting affidavit evidence . . . , the burden traditionally shifts back to the plaintiff to produce evidence supporting jurisdiction." *United Techs.*, 556 F.3d at 1274 (quotation omitted). The court "must accept the facts alleged in the complaint as true, to the extent they are uncontroverted by the defendant's affidavits," and "where the plaintiff's complaint and the defendant's affidavits conflict," the court "must construe all reasonable inferences in favor of the plaintiff." *Madara v. Hall*, 916 F.2d 1510, 1514 (11th Cir.

1990).  Although courts "give liberal construction" to documents filed by pro se plaintiffs, *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007), pro se plaintiffs are still "required . . . to conform to procedural rules," *Loren v. Sasser*, 309 F.3d 1296, 1304 (11th Cir. 2002).  *See Cummings v. Dep't of Corr.*, 757 F.3d 1228, 1234 n.10 (11th Cir. 2014) ("The right of self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law." (quoting *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981))).

Federal Rule of Civil Procedure 16(b) generally requires the court to "issue a scheduling order," Fed. R. Civ. P. 16(b)(1), and provides that the "schedule may be modified only for good cause and with the [court]'s consent," Fed. R. Civ. P. 16(b)(4).  "This good[-]cause standard precludes modification unless the schedule cannot be met despite the diligence of the party seeking the extension." *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998) (quotation omitted).  "Courts typically do not rule on requests embedded in a legal memorandum, as opposed to being raised in an actual motion." *Celeritech Int'l Corp. v. Superstar Holdings Inc.*, No. 1:24-cv-20836-JLK, 2024 U.S. Dist. LEXIS 214689, at *29–30 (S.D. Fla. Nov. 19, 2024).

## ANALYSIS

Wheaton does not submit affidavit evidence regarding personal jurisdiction. (*See* Dkt. 53.)  Instead, she contends that the amended complaint does not allege sufficient facts to make out a prima facie case of jurisdiction over her.  (*Id.* at 5–11.) She maintains that because the amended complaint describes her alleged misconduct

as occurring entirely outside Florida, it in fact "establishes the absence of jurisdiction over her." (*Id.* at 10.) In response, Plaintiff argues that the allegations in her second amended complaint satisfy due process. (Dkt. 69 at 3.) She contends that "Wheaton knew or should have known that her actions would harm Plaintiff in Florida" because they "had foreseeable effects in Florida." (*Id.*)

In deciding the jurisdictional issue, the court looks to the amended complaint, not the second amended complaint, because Plaintiff has not moved for leave to file the latter. (*See* Dkts. 68, 69.) *See Advance Tr. & Life Escrow Servs., LTA v. Protective Life Ins. Co.*, 93 F.4th 1315, 1336 (11th Cir. 2024) ("To properly request leave to amend, a plaintiff must . . . file a motion for leave to amend . . . ."); *Celeritech*, 2024 U.S. Dist. LEXIS 214689, at *29–30. Moreover, Plaintiff has not argued that she has been diligent, and she has not otherwise shown good cause to extend the deadline for amending pleadings in this case. (*See* Dkts. 68, 69.) *See* Fed. R. Civ. P. 16(b)(4); *Sosa*, 133 F.3d at 1418 n.2 ("[W]hen a motion to amend is filed after a scheduling order deadline, Rule 16 is the proper guide for determining whether a party's delay may be excused."). Accordingly, the amended complaint, rather than the second amended complaint, must contain sufficient facts to make out a prima facie case of jurisdiction over Wheaton. *See Louis Vuitton*, 736 F.3d at 1350.

For a court to exercise personal jurisdiction over a nonresident defendant, the defendant must have minimum contacts with the forum state such that the exercise of jurisdiction comports with the due process requirements of the United States Constitution. *See PVC Windoors, Inc. v. Babbitbay Beach Constr., N.V.*, 598 F.3d 802

(11th Cir. 2010). The defendant must have "a substantial connection with the forum [s]tate," *Walden v. Fiore*, 571 U.S. 277, 284 (2014), and this connection "must arise out of contacts that the 'defendant *himself*' creates with the forum [s]tate," *id.* (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985)). "[M]ere injury to a forum resident is not a sufficient connection to the forum. *Regardless of where a plaintiff lives or works*, an injury is jurisdictionally relevant only insofar as it shows that the defendant has formed a contact with the forum [s]tate." *Id.* at 290 (emphasis added) (citing *Calder v. Jones*, 465 U.S. 783 (1984)).

Plaintiff's amended complaint does not assert a connection between Wheaton and Florida, (*see* Dkt. 48), and Plaintiff's due process argument relies on Plaintiff's injury in Florida, (Dkt. 69 at 3). However, to satisfy due process, "the plaintiff cannot be the only link between the defendant and the forum." *Walden*, 571 U.S. at 285; *see Aviation One of Fla., Inc. v. Airborne Ins. Consultants (PTY), Ltd.*, 722 F. App'x 870, 882 (11th Cir. 2018) ("[T]he fact that [the defendant]'s alleged actions caused economic harm in the forum state is not alone sufficient."). Thus, Plaintiff has not met her initial burden of alleging jurisdiction over Wheaton. *See Louis Vuitton*, 736 F.3d at 1350; *Morris*, 843 F.2d at 492.

## CONCLUSION

Accordingly:

1. Wheaton's motion to dismiss (Dkt. 53) is **GRANTED**.

2. The claims against Wheaton are **DISMISSED without prejudice** for lack of

personal jurisdiction.

3. The Clerk is **DIRECTED** to terminate Wheaton as a party in this case.

**ORDERED** in Orlando, Florida, on January 23, 2025.

JULIE S. SNEED
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record