UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

LAURIE PARKE,

    Plaintiff,

v.                                                    Case No: 6:23-cv-2221-JSS-UAM

DELTA AIR LINES, INC.,

    Defendant.
_____/

## ORDER

Defendant, Delta Air Lines, Inc., moves to dismiss the amended complaint (Dkt. 48) for failure to state a claim or, in the alternative, moves for a more definite statement. (Dkt. 52.) Plaintiff, Laurie Parke, who was proceeding pro se when she filed the amended complaint but is currently represented by counsel, opposes the motion. (Dkt. 68.) Upon consideration, for the reasons outlined below, the court grants the motion.

## BACKGROUND

Plaintiff worked as a flight attendant for Defendant for over two decades until she was terminated in May 2022. (Dkt. 48 ¶¶ 3, 77.) This dispute arises out of that termination. (*See id. passim*.) In Plaintiff's view, Defendant responded to the coronavirus pandemic by implementing vaccination and masking policies that discriminated against her based on her disability and her genetic information, and when she reported the discrimination, Defendant retaliated against her, ultimately

terminating her employment. (*See id.*) Accordingly, on January 6, 2022, Plaintiff dual-filed a charge of discrimination based on retaliation, disability, and genetic information with the Florida Commission on Human Relations (FCHR) and the Equal Employment Opportunity Commission (EEOC). (*Id.* ¶ 13; Dkt. 48-1 at 5–6; Dkt. 48-2 at 15, 17.) At her request, Plaintiff received a right to sue letter from the EEOC on August 11, 2023. (Dkt. 48 ¶ 82; Dkt. 48-1 at 2; Dkt. 48-2 at 12; Dkt. 68 at 3.)

Plaintiff initiated this lawsuit in November 2023 by filing pro se claims against Defendant and individuals it employed at the time of the alleged misconduct. (Dkt. 1.) Those individuals have been dismissed from this lawsuit for reasons related to service and personal jurisdiction. (Dkts. 70, 74.) The initial complaint bears a stamp indicating that it was filed with the court the morning of November 14, 2023, (Dkt. 1 at 1), and the docket corroborates this filing date. However, Plaintiff asserts November 13 as the filing date because the United States Postal Service (USPS) delivered the complaint to the courthouse's mailroom that afternoon. (Dkt. 48 ¶ 83; Dkt. 48-1 at 3–4; Dkt. 68 at 3.) Plaintiff mailed the initial complaint from Clermont, Florida, on November 10. (Dkt. 1-4 at 1; Dkt. 48-1 at 4.)

Under the case management and scheduling order, the deadline for amending pleadings and joining third parties in this case was June 1, 2024. (Dkt. 26 at 1.) Prior to that deadline, Plaintiff filed a pro se motion seeking leave to file the amended complaint, (Dkt. 35), which the court granted, (Dkt. 42). In the operative amended complaint, Plaintiff asserts a theory of respondeat superior against Defendant for its

employees' tortious interference with her employment relationship and their conspiracy to tortiously interfere. (Dkt. 48 ¶¶ 119–30, 136–39.) Plaintiff also sues Defendant for discrimination and retaliation under the Americans with Disabilities Act of 1990 (ADA), 42 U.S.C. §§ 12101–12213, and the Genetic Information Nondiscrimination Act of 2008 (GINA), 42 U.S.C. §§ 2000ff to 2000ff-11; for violation of the Florida Private Whistleblower Act, Fla. Sta. § 448.102; and for negligent retention, defamation, and conspiracy to defame. (Dkt. 48 ¶¶ 94–118, 131–35, 140–50.) Plaintiff seeks various forms of relief from Defendant: reinstatement to her former position; the expungement of any reference to insubordination or violation of company policy from her personnel file; the return of her eight positive space award tickets; payment for fifty hours of earned paid personal time that was not paid out properly; $85,000 annually (plus interest) as of her date of termination to compensate her for insurance costs, retirement contributions, and other unpaid benefits; at least $10,300,000 in punitive damages; and reasonable costs and attorney fees under 42 U.S.C. § 1988. (Dkt. 48 at 22–23.)

Plaintiff divides the amended complaint into eight sections: an untitled preamble (an unnumbered paragraph followed by paragraphs 1 through 3), Venue and Jurisdiction (paragraphs 4 through 6), Historical and Factual Background (paragraphs 7 through 15), Retaliatory Actions by Defendants (paragraphs 16 through 88), Law and Additional Factual Claims (paragraphs 89 through 93), Claims for Relief (paragraphs 94 through 150), Prayer for Relief and Remedy (paragraphs 151 through 164), and Jury Demand (an unnumbered paragraph). (*See id. passim*.) Each count

asserted in the Claims for Relief section incorporates paragraphs 1 through 93 by reference. (*Id.* ¶¶ 94, 101, 104, 109, 115, 119, 125, 131, 136, 140, 145.) Further, the Retaliatory Actions by Defendants section refers to six exhibits, which Plaintiff attaches to her amended complaint: her right to sue letter, (Dkt. 48-1 at 1–2); a USPS tracking record for her initial complaint, (*id.* at 3–4); her dual-filed charge of discrimination, (*id.* at 5–8); written communications between her and EEOC investigator Pablo Arucas in April 2022, May 2022, and August 2023, (Dkt. 48-2 at 1–13); her demand letter to Defendant, (*id.* at 14–16); and her response to Defendant's position statement before the EEOC, (*id.* at 17–21). (Dkt. 48 ¶¶ 82–83, 88.)

On September 30, 2024, Plaintiff (through counsel) filed a proposed second amended complaint, (Dkt. 68-1), in response to the instant motion, (Dkt. 52). In an order granting an individual defendant's motion to dismiss for lack of personal jurisdiction, the court explained that it "look[ed] to the amended complaint, not the [proposed] second amended complaint, because Plaintiff [did] not move[] for leave to file the latter" and did not "show[] good cause to extend the deadline for amending pleadings in this case." (Dkt. 74 at 6.) The court looks to the amended complaint now for the same reasons. *See* Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the [court]'s consent."); *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 n.2 (11th Cir. 1998) ("[W]hen a motion to amend is filed after a scheduling order deadline, Rule 16 is the proper guide for determining whether a party's delay may be excused."); *Celeritech Int'l Corp. v. Superstar Holdings Inc.*, No. 1:24-cv-20836-JLK, 2024 U.S. Dist. LEXIS 214689, at *29–30 (S.D. Fla. Nov. 19, 2024) ("Courts

typically do not rule on requests embedded in a legal memorandum, as opposed to being raised in an actual motion."). The court also notes that the proposed second amended complaint names as a defendant the individual subsequently dismissed for lack of personal jurisdiction and brings ADA and GINA claims against Defendant. (Dkt. 68-1 at 1, 9–18.)

## APPLICABLE STANDARDS

Federal Rule of Civil Procedure 8(a)(2) requires a complaint to "contain . . . a short and plain statement of [a] claim showing that the [plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a)(2). Federal Rule of Civil Procedure 10(b) requires the plaintiff to "state its claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). To "promote clarity," Rule 10(b) also requires the plaintiff to state "each claim founded on a separate transaction or occurrence . . . in a separate count." *Id.* "Complaints that violate either Rule 8(a)(2) or Rule 10(b), or both, are often disparagingly referred to as 'shotgun pleadings.'" *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1320 (11th Cir. 2015). Shotgun pleadings "fail . . . to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id.* at 1323. A court may dismiss a complaint as a shotgun pleading "where 'it is virtually impossible to know which allegations of fact are intended to support which claim(s) for relief.'" *Id.* at 1325 (emphasis omitted) (quoting *Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cmty. Coll.*, 77 F.3d 364, 366 (11th Cir. 1996)).

In deciding a motion to dismiss for failure to state a claim, a court "accept[s]

the allegations in the complaint as true and construe[s] them in the light most favorable to the plaintiff." *Henley v. Payne*, 945 F.3d 1320, 1326 (11th Cir. 2019). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "[D]etailed factual allegations" are generally not required, but "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). Generally, when analyzing a motion to dismiss for failure to state a claim, a court considers only the four corners of the complaint and the exhibits attached to the complaint. *See Turner v. Williams*, 65 F.4th 564, 583 n.27 (11th Cir. 2023). Courts "generally can (and should) resolve" issues of administrative exhaustion "at the motion-to-dismiss stage." *Sims v. Sec'y, Fla. Dep't of Corr.*, 75 F.4th 1224, 1229 (11th Cir. 2023); *accord Bryant v. Rich*, 530 F.3d 1368, 1375 (11th Cir. 2008) ("[E]xhaustion should be decided on a . . . motion to dismiss[.]").

Although courts "give liberal construction" to documents filed by pro se plaintiffs, *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007), pro se plaintiffs are still "required . . . to conform to procedural rules," *Loren v. Sasser*, 309 F.3d 1296, 1304 (11th Cir. 2002). *See Cummings v. Dep't of Corr.*, 757 F.3d 1228, 1234 n.10 (11th Cir.

2014) ("The right of self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law." (quoting *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981))). Moreover, "[l]iberal construction does not mean liberal deadlines." *Vanderberg v. Donaldson*, 259 F.3d 1321, 1326 (11th Cir. 2001) (quotation omitted).

## ANALYSIS

Defendant makes three arguments in its motion on the amended complaint. (Dkt. 52 at 5–24.) First, Defendant contends that because the amended complaint is a shotgun pleading, the court should dismiss it or, alternatively, require Plaintiff to provide a more definite statement. (*Id.* at 5–7.) Second, Defendant maintains that the ADA and GINA counts should be dismissed as time-barred or for failure to exhaust. (*Id.* at 7–10.) Third, Defendant asserts that each count asserted against it in the amended complaint fails to state a claim for relief. (*Id.* at 10–24.)

Plaintiff responds to each argument in cursory fashion and with essentially no citation to factual or legal authority. (Dkt. 68 at 3–6.) Additionally, her response states that the proposed second amended complaint, not the operative amended complaint, satisfies "the applicable [pleading] standards, provides a detailed and clear narrative of the facts supporting the claims, and meets all necessary procedural requirements." (*See id.* at 2.) Plaintiff thus forfeits her position, leaving Defendant's motion unopposed. *See United States v. Harding*, 104 F.4th 1291, 1300 (11th Cir. 2024) ("A party abandons an issue when [it] makes only passing references to [the issue] or raises it in a perfunctory manner without supporting arguments and authority."

(quotation omitted)); *see also* M.D. Fla. R. 3.01(c) ("If a party fails to timely respond, the motion is subject to treatment as unopposed."). The court grants the motion to dismiss on this basis.

In addition, the court agrees with Defendant that the amended complaint is a shotgun pleading. As a result, the court generally dismisses the amended complaint without prejudice and allows Plaintiff to replead. *See* Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave [to amend a pleading before trial] when justice so requires."). However, because the court also agrees with Defendant that the ADA and GINA counts are time-barred, the court dismisses these counts with prejudice. *See Hill v. N. Mobile Nursing & Rehab.*, No. 24-10969, 2024 U.S. App. LEXIS 32092, at *3 (11th Cir. Dec. 18, 2024) ("As the dismissal occurred more than [ninety] days after [the plaintiff] received his right[ ]to[ ]sue letter from the EEOC, the . . . ADA . . . claims . . . are time-barred and cannot be refiled. . . . Thus, the . . . dismissal amounts to one with prejudice.").

Because the court grants Defendant's motion to dismiss, it does not address the alternative request for a more definite statement. The court first describes how the amended complaint is a shotgun pleading and then explains why the ADA and GINA counts are time-barred.

### 1. Shotgun Pleading

Defendant claims that the amended complaint is a shotgun pleading because Plaintiff incorporates conclusory, vague, confusing, irrelevant, and self-serving allegations into every count, forces Defendant "to guess at which statute"—the ADA

or GINA—"she intends to invoke" by "conflat[ing] 'genetic information' with 'disability,'" and lumps Defendant together with the former defendants such that Plaintiff fails to identify what Defendant allegedly did wrong. (Dkt. 52 at 5–7.) The court agrees with Defendant that paragraphs 1 through 93 include conclusory allegations, (*e.g.*, Dkt. 48 ¶ 15), and that by incorporating these paragraphs into each count, Plaintiff has rendered allegations confusing and irrelevant.  For example, there seems to be little connection between the allegation that Defendant issued waiver forms in September 2021, (*id.* ¶ 11), and the defamation count, which asserts that Defendant published falsities about Plaintiff in relation to events that occurred on April 18, 2022, (*id.* ¶¶ 140–44).  Further, in general, each count contains only a small number of paragraphs reciting the elements of the cause of action and relies on the incorporation of paragraphs 1 through 93 for the factual support necessary to meet the applicable pleading standards. (*E.g.*, *id.* ¶¶ 115–18.) Because each count incorporates the entire fact section of the amended complaint, the factual basis for each count is unclear. *See Clifford v. Federman*, 855 F. App'x 525, 529 (11th Cir. 2021) (explaining that an amended complaint was properly dismissed as a "cumbersome" shotgun pleading when "the majority of [its] counts incorporated almost the entirety of the fact section of the complaint").  Given these pleading deficiencies, it is "virtually impossible [for Defendant] to know [from the amended complaint] which allegations of fact are intended to support which claim(s) for relief." *See Weiland*, 792 F.3d at 1325 (emphasis omitted).  The court thus dismisses the amended complaint as a shotgun pleading. *See id.*; *Barmapov v. Amuial*, 986 F.3d 1321, 1325 (11th Cir. 2021) (discerning

no abuse of discretion in the dismissal of a complaint that was "undoubtedly" a shotgun pleading because it was "rife with immaterial factual allegations" and "include[d] numerous vague and conclusory allegations").

### 2. ADA and GINA Counts

An aggrieved party who files a charge of discrimination with the EEOC may bring a civil action against the alleged discriminator within ninety days after the aggrieved party receives the right to sue letter from the EEOC. *See* 42 U.S.C. §§ 2000e-5(f)(1), 2000ff-6(a)(1), 12117(a); *Zillyette v. Capital One Fin. Corp.*, 179 F.3d 1337, 1339 (11th Cir. 1999) (applying the ninety-day period to ADA claims); *Walker v. Peach*, Civil Action No. 7:22-CV-67, 2022 U.S. Dist. LEXIS 143938, at *5–6 (M.D. Ga. Aug. 11, 2022) ("Where the EEOC either terminates its investigation or elects not to file suit on behalf of the complaining party, the agency then must send the plaintiff notice of her right to file suit. Once the plaintiff receives this notice, she must file her lawsuit within ninety days." (citing section 2000e-5(f)(1) as setting a ninety-day deadline for ADA and GINA claims)). Claims not filed within the ninety-day period are time-barred. *See Zillyette*, 179 F.3d at 1340 (discussing *Law v. Hercules, Inc.*, 713 F.2d 691 (11th Cir. 1983), and *Bell v. Eagle Motor Lines, Inc.*, 693 F.2d 1086 (11th Cir. 1982)). "[T]o fashion a fair and reasonable rule for the circumstances of each case," courts determine whether claims are time-barred "on a case-by-case basis" by balancing plaintiffs' "minimum responsibility" to resolve their claims against untimeliness resulting from "fortuitous circumstances or events beyond [plaintiffs'] control." *Id.* (quotation omitted); *Kerr v. McDonald's Corp.*, 427 F.3d 947, 952 (11th Cir. 2005) (quoting *Zillyette*,

179 F.3d at 1340). "[W]hen the date of receipt is in dispute," courts "appl[y] a presumption of three days for receipt by mail." *Owens-Benniefield v. BSI Fin. Servs.*, 806 F. App'x 853, 857 (11th Cir. 2020); *see Zillyette*, 179 F.3d at 1342 (explaining that "a three-day period . . . provides an appropriate period for a plaintiff to act to receive an unsuccessfully delivered letter" because "a plaintiff is entitled to a reasonable time to pick up the letter upon receipt of a notice of delivery"); *see also Kerr*, 427 F.3d at 952 ("Most cases addressing receipt of notice have analyzed circumstances in which [a right to sue] letter was mailed to a complainant's address, and that complainant did not receive it either because another person signed for it, or because the complainant failed to retrieve it from the post office or mail[]box. Receipt is presumed when a complainant is unable to show that her failure to receive [a right to sue] letter was in no way her fault.").

Here, the date of receipt is not in dispute: the parties agree that Plaintiff received her right to sue letter on August 11, 2023—the date it was digitally signed on the EEOC's behalf. (Dkt. 48-1 at 2; Dkt. 52 at 3, 8; Dkt. 68 at 3.) In her pro se amended complaint, Plaintiff asserts that she filed her initial complaint on November 13, 2023— "the last day to file on time counting the additional [three] days according to the mail rule." (Dkt. 48 ¶ 83.)[1] Although the amended complaint does not allege when Plaintiff

---

[1] Insofar as the reference to "the mail rule," (Dkt. 48 ¶ 83), is an attempt to invoke a mailbox rule for pro se plaintiffs, the rule that deems pro se pleadings filed when they are delivered for mailing applies only to prisoners. *Jacobs v. Clayton Cnty. Solicitor Gen. Off.*, 685 F. App'x 824, 826 (11th Cir. 2017) ("Although a 'mailbox rule' . . . applies to pro se prisoners, [this] rule has not been extended to other pro se litigants, who are expected to comply with all procedural rules."). Plaintiff does not allege that she was a prisoner when she filed her initial complaint—and her residential mailing address supports that she was not, (Dkt. 1 at 18)—so the mailbox rule does not apply. *See Jacobs*, 685 F. App'x at 826.

received her right to sue letter, (*see id. passim*), her response to the motion to dismiss states: "Plaintiff received her [r]ight to [s]ue [n]otice on August 11, 2023, and the complaint was filed on November 13, 2023," (Dkt. 68 at 3). To the extent that Plaintiff attempts to invoke the three-day presumption from *Zillyette*, that presumption does not apply because Plaintiff does not allege that her right to sue letter was "unsuccessfully delivered," *see Zillyette*, 179 F.3d at 1342; *see also Kerr*, 427 F.3d at 952, and because the date of receipt is not in dispute, *see Owens-Benniefield*, 806 F. App'x at 857. Because Plaintiff received her right to sue letter on August 11, 2023, she had ninety days from that date to file her initial complaint.

The procedure for computing time set forth in Federal Rule of Civil Procedure 6 generally governs the calculation of the ninety-day period. *Milam v. U.S. Postal Serv.*, 674 F.2d 860 (11th Cir. 1982) (applying Rule 6); *Ramion v. Brad Cole Constr. Co.*, 805 F. App'x 948, 949 n.1 (11th Cir. 2020) (same). However, because the ninety-day period begins when a plaintiff receives a right to sue letter, not when the letter is put in the mail, "there is no reason to apply" the three-day extension from the rule. *Norris v. Fla. Dep't of Health & Rehab. Servs.*, 730 F.2d 682, 683 (11th Cir. 1984). Under Rule 6, "[w]hen [a] period is stated in days," the court "exclude[s] the day of the event that triggers the period" (here, the receipt of the right to sue letter), "count[s] every day, including intermediate Saturdays, Sundays, and legal holidays," and "include[s] the last day of the period, but if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday." Fed. R. Civ. P. 6(a)(1). "[T]he day set aside by statute for

observing . . . Veterans' Day" is a legal holiday. Fed. R. Civ. P. 6(a)(6)(A). Federal statute designates November 11 as Veterans' Day and provides that "[f]or the purpose of statutes relating to pay and leave of employees, . . . [i]nstead of a holiday that occurs on a Saturday, the Friday immediately before is a legal public holiday for . . . employees whose basic workweek is Monday through Friday." 5 U.S.C. § 6103(a), (b)(1)(A). Accordingly, in 2023, Veterans' Day was observed on Friday, November 10. *See Butler v. Sec'y, Dep't of Corr.*, No. 8:23-cv-2660-WFJ-UAM, 2024 U.S. Dist. LEXIS 113194, at *3 n.1 (M.D. Fla. June 27, 2024).

Employing the procedure from Rule 6, the court arrives at Thursday, November 9, 2023, as the last day for filing the initial complaint. (*See also* Dkt. 52 at 8.) Because this date was not a Saturday or Sunday and fell before the Veterans' Day holiday, the ninety-day period did not continue to run. *See* Fed. R. Civ. P. 6(a)(1). Plaintiff had to file her initial complaint on or before November 9, 2023. She did not mail it until November 10, (Dkt. 1-4 at 1; Dkt. 48-1 at 4), and the clerk's office did not receive it until November 13, (Dkt. 48 ¶ 83; Dkt. 48-1 at 3–4; Dkt. 68 at 3). "The date the complaint was received by the clerk's office controls," *Gordon v. Superior Recovery & Transp. LLC*, No. 5:22-cv-458 (MTT), 2023 U.S. Dist. LEXIS 172315, at *2 n.1 (M.D. Ga. Sept. 26, 2023), because "once a paper is in the custody of the clerk, it is deemed 'filed,'" *Morales v. Astrue*, No. 8:09-cv-1068-T-27TBM, 2009 U.S. Dist. LEXIS 107388, at *2 (M.D. Fla. Nov. 3, 2009); *see Parris v. Keystone Foods, LLC*, No. 4:12-CV-777-VEH, 2013 U.S. Dist. LEXIS 129372, at *1 n.1 (N.D. Ala. Sept. 11, 2013) (holding that the filing of a motion "was completed when it was delivered to the clerk's office"

by the USPS). Plaintiff's ADA and GINA claims are thus time-barred.

This outcome arises from a case-specific determination. Plaintiff does not describe encountering any "fortuitous circumstances or events beyond [her] control" that affected her receipt of the right to sue letter, does not argue for equitable tolling, and has failed to meet her "minimum responsibility" to resolve her claims in a timely fashion. *See Zillyette*, 179 F.3d at 1340–42. (*See* Dkts. 48, 68.) Accordingly, the court dismisses the ADA and GINA counts as time-barred. This outcome gains further support through Plaintiff's conclusory response to Defendant's second argument. (*See* Dkt. 68 at 3–4.) Aside from briefly citing Rule 6, the response—two short paragraphs composed by Plaintiff's counsel—does not mention any legal authority in support of its position, (*see id.*), and is therefore unpersuasive, *see Harding*, 104 F.4th at 1300.

## CONCLUSION

Accordingly:

1. Defendant's motion to dismiss or, in the alternative, for a more definite statement (Dkt. 52) is **GRANTED**.

2. The ADA and GINA claims asserted against Defendant in the amended complaint (Dkt. 48 ¶¶ 94–114) are **DISMISSED with prejudice**.

3. The remaining claims asserted against Defendant in the amended complaint (Dkt. 48 ¶¶ 131–50) are **DISMISSED without prejudice**.

4. If Plaintiff can do so in good faith, she may file a second amended complaint on or before March 7, 2025. The second amended complaint must satisfy

Federal Rule of Civil Procedure 8(a)(1) by identifying the basis for the court's subject matter jurisdiction, may not assert claims against any person but Defendant unless Plaintiff first files a motion demonstrating good cause and obtains the court's consent under Federal Rule of Civil Procedure 16(b)(4), must correct the pleading deficiencies identified in this order, and must not assert the time-barred ADA and GINA claims.

**ORDERED** in Orlando, Florida, on February 13, 2025.

JULIE S. SNEED
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of Record