# SUPPLEMENTAL EXHIBIT C TO DEFENDANT'S MOTION TO STAY, OR IN THE ALTERNATIVE, RESET DISPOSITIVE MOTION DEADLINE, AND VACATE TRIAL SETTING

| | |
|---|---|
| **From:** | Keller, Sarah G. |
| **Sent:** | Monday, January 5, 2026 10:21 AM |
| **To:** | Belinda Gail Quarterman Noah; Belinda Gail Quarterman Noah |
| **Cc:** | Kuehnel, Sarah |
| **Subject:** | Laurie Parke v. Delta - Proposed Stay/Extension on Dispositive Motion Deadline and Trial Setting [ODNSS-OGL.018483.000096] |

Good morning, Belinda

In advance of mediation on Thursday, we wanted to revisit whether Plaintiff will join a request to stay or extend the dispositive motion deadline and trial setting.

With the dispositive motion deadline set for February 2, 2026 and a July trial setting, we propose a stay of both pending the Court's ruling on the motion to dismiss.

This approach benefits all parties—including Plaintiff—by avoiding the time and expense of briefing summary judgment on claims that may be dismissed or narrowed, and by preventing duplicative trial preparation on issues that could be mooted or materially reshaped by the ruling. In addition, the matter of what standard will apply to Plaintiff's whistleblower claim is currently pending before the Florida Supreme Court in the *Gessner* case. A ruling will issue this term. Thus, a short, targeted pause promotes efficiency and cost control for both sides without conceding any merits issues, and it preserves judicial resources by ensuring the Court receives streamlined, focused briefing and trial preparation on the claims that actually remain.

Our goal here is orderly case management. If the Court's ruling narrows the case—*e.g.,* if one or more counts within the Third Amended Complaint are dismissed—then both sides can direct their resources to the surviving issues, which reduces fees and eliminates the need to re-brief or re-tool trial strategy later. If the Court denies the motion in whole, we can promptly reset a dispositive schedule and trial date with certainty and proceed without the inefficiency of serial or overlapping briefing. We would propose a joint submission staying the February 2 deadline and July trial date, with the parties to confer and submit a proposed amended schedule within 14 days of the Court's order on the Motion to Dismiss.

If you prefer a different approach, we are open to a brief extension tied to the ruling on the motion to dismiss.

Please let us know if you will join a motion, and we will circulate a draft. We appreciate your consideration and are committed to a cooperative, cost-effective path forward for both parties.

Sarah

**Sarah G. Keller | Ogletree Deakins**
100 North Tampa Street, Suite 3600 | Tampa, FL 33602 | Telephone: 813-221-7450
sarah.keller@ogletree.com | www.ogletree.com | Bio