**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

LAURIE PARKE

Plaintiff,

v.

Case No. 6:23-cv-02221-JSS-EJK

DELTA AIR LINES, INC.

Defendant.

_______________________________________ /

**DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES**

Defendant, DELTA AIR LINES, INC. ("Delta"), answers the Fourth Amended Complaint ("FAC") filed by Plaintiff, LAURIE PARKE ("Plaintiff"), as follows:

## I. INTRODUCTION

1. Delta admits only that Plaintiff brings suit for the claims listed. Delta denies that it or any of its agents violated any law related to Plaintiff and denies any remaining allegations contained in Paragraph 1 of the FAC.

2. Delta admits only that Plaintiff brings suit for the claims listed. Delta denies that it or any of its agents violated any law related to Plaintiff and denies any remaining allegations contained in Paragraph 2 of the FAC.

3. Delta admits that it employed Plaintiff for approximately 23 years. Delta denies any remaining allegations contained in Paragraph 3 of the FAC.

4. Denies.

5. Paragraph 5 of the FAC does not pertain to Delta; therefore, no response is required. To the extent a response is required, Delta states that the referenced federal district court ruling speaks for itself, denies any allegations in Paragraph 5 that are inconsistent with the referenced ruling, and denies any remaining allegations contained in Paragraph 5 of the FAC.

6. Paragraph 6 of the FAC does not pertain to Delta; therefore, no response is required. To the extent a response is required, Delta denies the allegations contained in Paragraph 6 of the FAC.

7. Delta admits that Plaintiff was scheduled to work Flight 709 between Boston and Detroit on April 18, 2022, but denies the remaining allegations contained in Paragraph 7 of the FAC.

8. Denies.

9. Denies.

10. Denies.

11. Denies.

12. Denies.

13. Denies.

14. Denies.

15. Denies.

16. Denies.

17. Denies.

## II. PARTIES

18. Admits.

19. Admits.

20. Admits.

21. Admits.

22. Admits.

23. Delta is without knowledge as to what constitutes "all material times" and therefore cannot form a conclusion as to the veracity of the allegations in Paragraph 23 of the FAC and, therefore, denies same.

24. Denies.

## III. JURISDICTION AND VENUE

25. Delta admits only that this Court may exercise jurisdiction over Plaintiff's alleged claims. Delta denies any remaining allegations in Paragraph 25 of the FAC and denies any allegation of wrongdoing.

26. Admits.

27. Admits.

28. Delta admits only that this Court is an appropriate venue for Plaintiff's alleged claims. Delta denies any remaining allegations in Paragraph 28 of the FAC and denies any allegation of wrongdoing.

## IV. GENERAL FACTUAL ALLEGATIONS

29. Denies.

30. Delta admits that, as a flight attendant, Plaintiff's job duties included, among other things, tasks related to aviation, passenger safety, boarding, and emergency response(s) as needed, but denies any remaining allegations in Paragraph 30 of the FAC.

31. Delta is without knowledge as to Plaintiff's allegations in this paragraph; therefore, Delta cannot form a conclusion as to the veracity of the allegations contained in Paragraph 31 of the FAC and denies same.

32. Delta is without knowledge as to Plaintiff's allegations in this paragraph; therefore, Delta cannot form a conclusion as to the veracity of the allegations contained in Paragraph 32 of the FAC and denies same.

33. Delta admits that in response to the COVID-19 pandemic, it implemented several measures to mitigate the spread of COVID-19, which included policies related to masking, testing, and healthcare surcharges, which speak for themselves. Delta denies any allegations inconsistent with those policies and denies any remaining allegations contained in Paragraph 33 of the FAC.

34. Denies.

35. Denies.

36. Delta admits that Plaintiff's physician submitted documentation to Delta on February 17, 2022, which speaks for itself. Delta denies anything inconsistent with that documentation, and denies the remaining allegations contained in Paragraph 36 of the FAC.

37. Delta is without knowledge as to Plaintiff's allegations in this paragraph; therefore, Delta cannot form a conclusion as to the veracity of the allegations contained in Paragraph 37 of the FAC and denies same.

38. Delta is without knowledge as to Plaintiff's allegations in this paragraph; therefore, Delta cannot form a conclusion as to the veracity of the allegations contained in Paragraph 38 of the FAC and denies same.

39. Delta is without knowledge as to Plaintiff's allegations in this paragraph; therefore, Delta cannot form a conclusion as to the veracity of the allegations contained in Paragraph 39 of the FAC and denies same.

40. Delta is without knowledge as to Plaintiff's allegations in this paragraph; therefore, Delta cannot form a conclusion as to the veracity of the allegations contained in Paragraph 40 of the FAC and denies same.

41. Delta is without knowledge as to Plaintiff's allegations in this paragraph; therefore, Delta cannot form a conclusion as to the veracity of the allegations contained in Paragraph 41 of the FAC and denies same.

42. Admits.

43. Delta is without knowledge as to Plaintiff's allegations in this paragraph; therefore, Delta cannot form a conclusion as to the veracity of the allegations contained in Paragraph 43 of the FAC and denies same.

44. Delta is without knowledge as to Plaintiff's personal understanding of the security obligations owed by aircraft operators; therefore, Delta cannot form a

conclusion as to the veracity of the allegations contained in Paragraph 44 of the FAC and denies same.

45. Delta admits that it did not provide Plaintiff with training specifically geared toward completing standard emergency response duties while wearing a mask, but is without knowledge and therefore denies the remaining allegations contained in Paragraph 45 of the FAC.

46. Delta is without knowledge as to Plaintiff's allegations in this paragraph; therefore, Delta cannot form a conclusion as to the veracity of the allegations contained in Paragraph 46of the FAC and denies same.

47. Delta is without knowledge as to Plaintiff's allegations in this paragraph; therefore, Delta cannot form a conclusion as to the veracity of the allegations contained in Paragraph 47 of the FAC and denies same.

48. Delta is without knowledge as to Plaintiff's allegations in this paragraph; therefore, Delta cannot form a conclusion as to the veracity of the allegations contained in Paragraph 48 of the FAC and denies same.

49. Denies.

50. Delta is without knowledge as to Plaintiff's allegations in this paragraph; therefore, Delta cannot form a conclusion as to the veracity of the allegations contained in Paragraph 50 of the FAC and denies same.

51. Delta is without knowledge as to Plaintiff's allegations in this paragraph; therefore, Delta cannot form a conclusion as to the veracity of the allegations contained in Paragraph 51 of the FAC and denies same.

52. Delta is without knowledge as to Plaintiff's allegations in this paragraph; therefore, Delta cannot form a conclusion as to the veracity of the allegations contained in Paragraph 52 of the FAC and denies same.

53. Admits.

54. Admits.

55. Plaintiff's EEOC Charge speaks for itself; Delta denies any allegations in Paragraph 55 that are inconsistent with the referenced EEOC charge, and denies any remaining allegations contained in Paragraph 55 of the FAC.

56. Delta admits that its legal department received notice of Plaintiff's EEOC Charge prior to her separation and termination, but denies the remaining allegations in Paragraph 56 of the FAC.

57. Delta admits that Plaintiff was scheduled to work Flight 709 between Boston and Detroit on April 18, 2022, but denies the remaining allegations contained in Paragraph 57 of the FAC.

58. Delta is without knowledge as to Plaintiff's alleged observations; therefore, Delta cannot form a conclusion as to the veracity of the allegations contained in Paragraph 58 of the FAC and denies same.

59. Denies.

60. Delta is without knowledge as to Plaintiff's alleged observations; therefore, Delta cannot form a conclusion as to the veracity of the allegations contained in Paragraph 60 of the FAC and denies same.

61. Delta is without knowledge as to Plaintiff's alleged observations; therefore, Delta cannot form a conclusion as to the veracity of the allegations contained in Paragraph 61 of the FAC and denies same.

62. Delta is without knowledge as to Plaintiff's alleged concerns; therefore, Delta cannot form a conclusion as to the veracity of the allegations contained in Paragraph 62 of the FAC and denies same.

63. Denies.

64. Denies.

65. Denies.

66. Delta admits that Plaintiff submitted a FACTS report, which speaks for itself; Delta denies any allegations in Paragraph 66 that are inconsistent with the referenced FACTs report, and denies any remaining allegations contained in Paragraph 66 of the FAC.

67. Delta admits that Exhibit 2 is a true and accurate copy of Plaintiff's FACTS report; Delta denies any allegations in Paragraph 67 that are inconsistent with the referenced FACTs report, and denies any remaining allegations contained in Paragraph 67 of the FAC.

68. Denies.

69. Denies.

70. Delta admits that the aircraft returned to the gate.

71. Denies.

72. Denies.

73. Admits.

74. Denies.

75. Delta admits that it terminated Plaintiff's employment based on Plaintiff's misconduct on April 18, 2022. Delta denies any remaining allegations contained in Paragraph 75 of the FAC.

76. Denies.

77. Denies.

78. Denies.

79. Denies.

80. Denies.

81. Delta admits that it investigated and confirmed Plaintiff had refused to comply with its masking policy, delayed Flight 709, and made an inappropriate announcement to passengers, among other things, on April 18, 2022, but denies the remaining allegations in Paragraph 81 of the FAC.

82. Plaintiff fails to plead any alleged "statements"; therefore, Delta cannot meaningfully respond to the allegations contained in Paragraph 82 of the FAC. Delta denies it made any false statements relating to Plaintiff and denies any remaining allegations in Paragraph 82 of the FAC.

83. Plaintiff fails to plead any alleged "statements"; therefore, Delta cannot meaningfully respond to the allegations contained in Paragraph 83 of the FAC. Delta denies it made any false statements relating to Plaintiff and denies any remaining allegations in Paragraph 83 of the FAC.

84. Plaintiff fails to plead any alleged "statements"; therefore, Delta cannot meaningfully respond to the allegations contained in Paragraph 84 of the FAC. Delta denies it made any false statements relating to Plaintiff and denies any remaining allegations in Paragraph 84 of the FAC.

85. Plaintiff fails to plead “the incident” at issue in Paragraph 85; therefore, Delta cannot meaningfully respond to the allegations contained in Paragraph 85 of the FAC. Delta denies any wrongdoing and denies any remaining allegations in Paragraph 85 of the FAC.

86. Denies.

87. Plaintiff fails to identify the “employees” at issue in Paragraph 87; therefore, Delta cannot meaningfully respond to the allegations contained in Paragraph 87 of the FAC. Delta denies any wrongdoing and denies any remaining allegations in Paragraph 87 of the FAC.

88. Denies.

89. Paragraph 89 of the FAC does not pertain to Delta; therefore, no response is required. To the extent a response is required, Delta states that the referenced federal district court ruling speaks for itself, denies any allegations in Paragraph 89 that are inconsistent with the referenced ruling, and denies any remaining allegations contained in Paragraph 89 of the FAC.

90. Paragraph 90 of the FAC does not pertain to Delta; therefore, no response is required. To the extent a response is required, Delta states that the referenced TSA announcement speaks for itself, denies any allegations in Paragraph

90 that are inconsistent with the referenced public announcements, and denies any remaining allegations contained in Paragraph 90 of the FAC.

91. Denies.

92. Delta is without knowledge as to Plaintiff's personal understanding of how the TSA mask regulations impacted Delta's policies; therefore, Delta cannot form a conclusion as to the veracity of the allegations contained in Paragraph 92 of the FAC and denies same. Delta denies any remaining allegations contained in Paragraph 92 of the FAC.

93. Denies.

94. Delta is without knowledge as to Plaintiff's allegations in this paragraph; therefore, Delta cannot form a conclusion as to the veracity of the allegations contained in Paragraph 94 of the FAC and denies same.

95. Delta is without knowledge as to Plaintiff's allegations in this paragraph; therefore, Delta cannot form a conclusion as to the veracity of the allegations contained in Paragraph 95 of the FAC and denies same.

96. Delta is without knowledge as to Plaintiff's allegations in this paragraph; therefore, Delta cannot form a conclusion as to the veracity of the allegations contained in Paragraph 96 of the FAC and denies same.

97. Denies.

98. Delta is without knowledge as to Plaintiff's allegations in this paragraph; therefore, Delta cannot form a conclusion as to the veracity of the allegations contained in Paragraph 98 of the FAC and denies same.

99. Denies.

100. Denies.

101. Delta is without knowledge as to Plaintiff's allegations in this paragraph; therefore, Delta cannot form a conclusion as to the veracity of the allegations contained in Paragraph 101 of the FAC and denies same.

102. Delta admits that Lockhart's statement was one of many that informed Delta's investigation of Plaintiff's conduct on April 18, 2022, but denies the remaining allegations contained in Paragraph 102 of the FAC.

103. Denies.

104. Denies.

105. Denies.

106. Delta admits that Singer completed an Incident Report on April 18, 2022, which speaks for itself. Delta denies any allegations Paragraph 106 of the FAC inconsistent with Singer's Incident Report. Delta denies the remaining allegations contained in Paragraph 106 of the FAC and denies same.

107. Admits.

108. Denies.

109. Denies.

110. Denies.

111. Denies.

112. Denies.

113. Denies.

114. Delta admits that Singer asked Plaintiff about her failure to wear a mask, but denies the remaining allegations in Paragraph 114 of the FAC.

115. Denies.

116. Denies.

117. Denies.

118. Denies.

119. Denies.

120. Denies.

121. Delta admits that on April 18, 2022, Delta responded to Plaintiff's refusal to wear a mask despite its policy requiring her to do so and that its response included alerting the captain of Flight 709 to the situation and the flight returned to the gate, but denies the remaining allegations in Paragraph 121 of the FAC.

122. Denies.

123. Denies.

124. Admits.

125. Admits.

126. Delta is without knowledge as to any correspondence between Plaintiff and the EEOC on April 19, 2022, and therefore denies the allegations in Paragraph 126 of the FAC.

127. Delta is without knowledge as to any correspondence between Plaintiff and the EEOC on April 19, 2022 and therefore denies the allegations in Paragraph 127 of the FAC.

128. Delta is without knowledge as to any correspondence between Plaintiff and the EEOC on April 19, 2022 and therefore denies the allegations in Paragraph 128 of the FAC.

129. Delta is without knowledge as to any correspondence between Plaintiff and the EEOC on April 19, 2022 and therefore denies the allegations in Paragraph 129 of the FAC.

130. Delta is without knowledge as to any correspondence between Plaintiff and the EEOC on April 19, 2022 and therefore denies the allegations in Paragraph 130 of the FAC.

131. Delta is without knowledge as to any correspondence between Plaintiff and the EEOC on April 19, 2022 and therefore denies the allegations in Paragraph 131 of the FAC.

132. Delta is without knowledge as to any correspondence between Plaintiff and the EEOC on April 19, 2022 and therefore denies the allegations in Paragraph 132 of the FAC.

133. Delta is without knowledge as to any correspondence between Plaintiff and the EEOC on April 19, 2022 and therefore denies the allegations in Paragraph 133 of the FAC.

134. Delta is without knowledge as to any correspondence between Plaintiff and the EEOC on April 19, 2022 and therefore denies the allegations in Paragraph 134 of the FAC.

135. Denies.

136. Delta is without knowledge as to the allegations in Paragraph 136 and therefore denies the allegations in Paragraph 136 of the FAC.

137. The allegations in Paragraph 137 of the FAC constitute legal conclusions to which no response is required; to the extent a response is required, Delta denies same.

138. Denies.

139. Delta admits that Plaintiff submitted a FACTS report, which speaks for itself; Delta denies any allegations in Paragraph 139 that are inconsistent with the referenced FACTs report, and denies any remaining allegations contained in Paragraph 139 of the FAC.

140. Delta admits that Plaintiff submitted a FACTS report, which speaks for itself; Delta denies any allegations in Paragraph 140 that are inconsistent with the referenced FACTs report, and denies any remaining allegations contained in Paragraph 140 of the FAC.

141. The allegations in Paragraph 141 of the FAC do not pertain to Delta; therefore, no response is required.

142. Delta admits that Plaintiff submitted a FACTS report, which speaks for itself; Delta denies any allegations in Paragraph 142 that are inconsistent with the referenced FACTs report, and denies any remaining allegations contained in Paragraph 142 of the FAC.

143. Admits.

144. Denies.

145. Denies.

146. Admits.

147. Denies.

148. Denies.

149. Denies.

150. Denies.

151. Denies.

152. Admits.

153. Delta admits that Exhibit 3 to the FAC is a true and accurate copy of the letter Plaintiff was provided on April 28, 2022 explaining that she was suspended pending review for further employment. Delta denies any allegations in Paragraph 153 that are inconsistent with Exhibit 3, and denies any remaining allegations contained in Paragraph 153 of the FAC.

154. Delta admits that Exhibit 3 to the FAC is a true and accurate copy of the letter Plaintiff was provided on April 28, 2022 explaining that she was suspended pending review for further employment. Delta denies any allegations in Paragraph 154 that are inconsistent with Exhibit 3, and denies any remaining allegations contained in Paragraph 154 of the FAC.

155. Delta admits that Exhibit 3 to the FAC is a true and accurate copy of the letter Plaintiff was provided on April 28, 2022 explaining that she was suspended pending review for further employment. Delta denies any allegations in Paragraph 155

that are inconsistent with Exhibit 3, and denies any remaining allegations contained in Paragraph 155 of the FAC.

156. Denies.

157. Denies.

158. Denies.

159. Admits.

160. Denies.

161. Delta admits that its May 5 termination recommendation relied on the materials referenced therein. Delta denies any allegations in Paragraph 161 that are inconsistent with the termination recommendation, and denies any remaining allegations contained in Paragraph 161 of the FAC.

162. Denies.

163. Denies.

164. Denies.

165. Denies.

166. Denies.

167. Denies.

168. Denies.

169. Denies.

170. Denies.

171. Denies.

172. Denies.

173. Denies.

174. Denies.

175. Denies.

176. Delta is without knowledge as to the "security threat" Plaintiff references; therefore, Delta cannot form a conclusion as to the veracity of the allegations contained in Paragraph 176 of the FAC and denies same.

177. Denies.

178. Denies.

179. Denies.

180. Denies.

181. Denies.

182. Delta admits that in connection with the termination of her employment, Plaintiff no longer received wages or employment-related benefits from Delta, but denies any accusation of wrongdoing and denies any remaining allegations in Paragraph 182 of the FAC.

183. Delta admits that in connection with the termination of her employment, Plaintiff no longer received wages from Delta, but denies any accusation of wrongdoing and denies any remaining allegations in Paragraph 183 of the FAC.

184. Delta admits that in connection with the termination of her employment, Plaintiff no longer received travel benefits or other employment-related benefits from Delta, but denies any accusation of wrongdoing and denies any remaining allegations in Paragraph 184 of the FAC.

185. Denies.

186. The allegations in Paragraph 186 of the FAC do not pertain to Delta; therefore, no response is required.

187. Denies.

188. Denies.

189. Denies.

190. Denies.

**COUNT I**

191. Delta reincorporates its responses to Paragraphs 1-190 of the FAC as if fully set forth herein.

192. Delta is without knowledge as to what constitutes "all material times" and therefore cannot form a conclusion as to the veracity of the allegations in Paragraph 192 of the FAC and, therefore, denies same.

193. The allegations in Paragraph 193 of the FAC do not pertain to Delta; therefore, no response is required; to the extent a response is required, Delta states that the quoted statute speaks for itself.

194. Denies.

195. Denies.

196. Denies.

197. Denies.

198. Denies.

199. Denies.

200. Denies.

201. Denies.

202. Denies.

203. Denies.

204. Denies.

205. Denies.

206. Delta admits that its legal department received Plaintiff's EEOC Charge on or about January 7, 2022, but denies any remaining allegations in Paragraph 206 of the FAC.

207. Delta admits that it received Plaintiff's FACTs report, but denies any remaining allegations in Paragraph 207 of the FAC.

208. Denies.

209. Denies.

210. Denies.

211. Denies.

212. The allegations in Paragraph 212 of the FAC consist of legal conclusions to which no response is required; to the extent a response is required, Delta admits that it suspended and later terminated Plaintiff's employment and denies the remaining allegations in Paragraph 212 of the FAC.

213. Denies.

214. Denies.

215. Denies.

216. Denies.

217. Denies.

218. Denies.

219. The allegations in Paragraph 219 of the FAC consist of legal conclusions to which no response is required; to the extent a response is required, Delta admits that it suspended and later terminated Plaintiff's employment and denies the remaining allegations in Paragraph 219 of the FAC.

220. Denies.

221. Denies.

222. Denies.

223. Denies.

224. Denies.

225. Denies.

In response to the "WHEREFORE" clause following Paragraph 225 of the Complaint, including all subparts thereto, Delta denies the allegations contained therein, denies that Delta committed any unlawful acts, and denies that Plaintiff is entitled to any relief.

**COUNT II**

226. Delta reincorporates its responses to Paragraphs 1-190 of the FAC as if fully set forth herein.

227. Delta admits that it employed Lockhart, Singer, Gerry, Garrett, and Biyogue, and that it currently employs Singer, Gerry, Garrett, and Biyogue, but denies the remaining allegations in Paragraph 227 of the FAC.

228. The allegations contained in Paragraph 228 consist of legal conclusions to which no response is required; to the extent a response is required, Delta denies the allegations in Paragraph 228 of the FAC.

229. Denies.

230. Delta admits that Plaintiff submitted a FACTS report, which speaks for itself; Delta denies any allegations in Paragraph 230 that are inconsistent with the referenced FACTs report, and denies any remaining allegations contained in Paragraph 230 of the FAC.

231. Denies.

232. Denies.

233. Denies.

234. Denies.

235. Denies.

236. Denies.

237. Denies.

238. Denies.

239. Denies.

240. Denies.

241. Denies.

242. Denies.

243. Denies.

244. Denies.

245. Denies.

246. Denies.

247. Denies.

248. Denies.

249. Denies.

In response to the "WHEREFORE" clause following Paragraph 249 of the Complaint, including all subparts thereto, Delta denies the allegations contained therein, denies that Delta committed any unlawful acts, and denies that Plaintiff is entitled to any relief.

**COUNT III**

250. Delta reincorporates its responses to Paragraphs 1-190 of the FAC as if fully set forth herein.

251. Denies.

252. Delta admits that it had employed Plaintiff for 20+ years, but is without knowledge as to her professional reputation; therefore, Delta cannot form a conclusion as to the veracity of the remaining allegations in Paragraph 252 of the FAC and denies same.

253. The allegations in Paragraph 253 of the FAC do not pertain to Delta; therefore, no response is required. To the extent a response is required, Delta denies the allegations in Paragraph 253 of the FAC.

254. Denies.

255. Denies.

256. Denies.

257. Denies.

258. Denies.

259. Denies.

260. Denies.

261. Denies.

262. Denies.

263. Denies.

264. Denies.

265. Denies.

266. Denies.

267. Denies.

268. Denies.

269. Denies.

270. Denies.

271. Denies.

272. Denies.

273. Denies.

274. Denies.

275. The allegations in Paragraph 275 state only legal conclusions; therefore, no response is required. To the extent a response is required, Delta states that Florida law speaks for itself.

276. Denies.

277. Denies.

278. Denies.

279. Denies.

280. Denies.

281. Denies.

282. Denies.

283. Denies.

284. Denies.

285. Denies.

286. Delta is without knowledge as to Plaintiff's reputation; therefore, Delta cannot form a conclusion as to the veracity of the allegations in Paragraph 286 of the FAC and denies same.

287. Delta is without knowledge as to Plaintiff's emotional or financial status; therefore, Delta cannot form a conclusion as to the veracity of the allegations in Paragraph 287 of the FAC and denies same.

288. Denies.

289. Denies.

In response to the "WHEREFORE" clause following Paragraph 289 of the Complaint, including all subparts thereto, Delta denies the allegations contained therein, denies that Delta committed any unlawful acts, and denies that Plaintiff is entitled to any relief.

## AFFIRMATIVE AND OTHER DEFENSES

Defendant denies each and every allegation in the FAC that is not expressly Admits in this Answer. Defendant does not assume the burden of any defense asserted that is adjudged not to be an affirmative defense. Defendant also reserves the right to assert additional affirmative defenses and matters in avoidance that may be disclosed by additional investigation and discovery. Defendant asserts the following defenses, each as a separate and distinct defense to Plaintiff's alleged causes of action as well as to the entire FAC.

## FIRST DEFENSE

Delta's actions with regard to Plaintiff's employment were job-related and consistent with business necessity.

## SECOND DEFENSE

Without conceding that Plaintiff has suffered any damages as a result of any wrongdoing by Delta, Plaintiff's damages demands are limited to the extent that Plaintiff has failed to reasonably mitigate such damages.

**THIRD DEFENSE**

Plaintiff's whistleblower and defamation claims are barred by the applicable statute of limitations.

**FOURTH DEFENSE**

Delta reserves the right to assert the after-acquired evidence defense should Delta uncover evidence during the course of this action that would otherwise justify any action taken with respect to Plaintiff. The discovery of any such evidence would bar any recovery of damages by Plaintiff.

**FIFTH DEFENSE**

Plaintiff's claim is barred by the equitable doctrines of estoppel, waiver, unclean hands and/or laches.

**SIXTH DEFENSE**

At all times relevant to this suit, Delta acted in good faith with regard to Plaintiff, and had reasonable grounds for believing that its actions were not in violation of any law, rule, or regulation.

**SEVENTH DEFENSE**

Plaintiff's alleged damages are speculative and uncertain, or both, and therefore non-compensable.

**EIGHTH DEFENSE**

Plaintiff's damages, including her claims for presumed damages, penalties, and

pre- and post-judgment interest, are barred to the extent that the forms of relief are duplicative of each other.

**NINTH DEFENSE**

The punitive damages demanded in the Complaint are barred in whole on the grounds that Plaintiff failed to allege any actionable conduct on behalf of Delta that would support an award for punitive damages.

**TENTH DEFENSE**

In the alternative, the punitive damages demanded in the FAC are barred in whole on the grounds that any actionable conduct on behalf of Delta was not willful, wanton, or negligent, such that no punitive damages should be awarded.

**ELEVENTH DEFENSE**

Plaintiff's request for attorneys' fees and costs is in part discretionary before this Court, and therefore, any amount awarded must be limited by the requirement, including, but not limited to, that Plaintiff be successful on the merits and that fees and costs awarded be reasonable and necessary.

**TWELFTH DEFENSE**

Plaintiff did not disclose, testify about, or object to any policy or practice of Delta that was in actual violation of a law, rule, or regulation.

**THIRTEENTH DEFENSE**

Plaintiff did not engage in activity protected by the Florida Private Sector Whistleblower Act.

## FOURTEENTH DEFENSE

Defendant was not the proximate cause of the alleged injuries or damages, if any, sustained by Plaintiff.

## FIFTEENTH DEFENSE

Plaintiff's defamation claim is barred because the alleged defamatory statement(s) are true.

## SIXTEENTH DEFENSE

Any alleged defamatory statements made by Delta personnel were made and disseminated solely in connection with Delta's internal investigation into Plaintiff's conduct on April 18, 2022, and, therefore, protected by qualified privilege.

## SEVENTEENTH DEFENSE

Plaintiff's defamation claim is barred because the alleged defamatory statement(s) are pure opinion.

## EIGHTEENTH DEFENSE

Plaintiff's defamation claim is barred because the alleged defamatory statement(s) were not published to a third party.

WHEREFORE, Delta prays that the FAC be dismissed with prejudice, that judgment be entered in favor of Delta and against Plaintiff, and that Delta be awarded its costs and reasonable attorneys' fees and such other relief the Court deems appropriate.

DATED: June 1, 2026

Respectfully submitted,

**OGLETREE, DEAKINS, NASH, SMOAK & STEWART P.C.**

*/s/ **Sarah J. Kuehnel***
Sarah J. Kuehnel; FBN: 124765
Sarah G. Keller; FBN: 1025439
100 North Tampa Street, Suite 3600
Tampa, FL 33602
Tel: (813) 289-1247/Fax: (813) 289-6530
sarah.kuehnel@ogletree.com
sarah.keller@ogletree.com
melissa.salazar@ogletree.com
elba.chinea@ogletree.com
***Attorneys for Delta Air Lines Inc.***

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on June 1, 2026, the foregoing was electronically filed with the Clerk of the Court via CM/ECF and will serve an electronic copy on the following counsel of record:

Belinda Gail Noah
Law Offices of Dr. Belinda Gail Quarterman Noah
10144 Whisper Pointe Drive,
Tampa, Florida 33647
Bnoah24@yahoo.com.sg
noahlawfirm@yahoo.com
***Attorneys for Plaintiff***

*/s/ **Sarah J. Kuehnel***
Attorney