EXHIBIT 5

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**LAURIE PARKE,**

**Plaintiff,**

**Case No. 6:23-cv-02221-JSS-EJK**

**v.**

**DELTA AIR LINES INC.,**

**Defendant.**

______________________________/

# DECLARATION OF HANNAH REYES

I, Hannah Reyes, declare the following to be true and correct based upon my personal knowledge and information.

1. I am over the age of 18. This Declaration is made pursuant to the requirements of the Federal Rules of Evidence and 28 U.S.C. § 1746.

2. I make this Declaration based upon my personal knowledge and my review of Delta's company documents.

3. The records I reviewed are kept by Delta in the regular course of business.

4. These records were made at or near the time of the matters set forth by, or from information transmitted by, a person with knowledge of those matters.

5. If called and sworn as a witness, I could and would testify competently and truthfully to the matters stated in this Declaration.

6. I have been employed by Delta as a Human Resources Manager since July 2021.

7. As a Human Resources Manager, I am responsible for acting as a strategic business partner to support Delta's leaders in managing and developing the employees who report to them.

8. Delta is an equal opportunity employer. Delta is committed to supporting its employees. Delta maintains policies prohibiting discrimination based on sex, race, disability, genetic background, and other characteristics protected by law. A true and accurate copy of Delta's Equal Employment Opportunity policy in effect during April 2022 is attached to Delta's Motion for Summary Judgment as Exhibit 65.

9. Delta also encourages employees to report any concerns of workplace discrimination and its policies provide many avenues for them to do so. As outlined in the Equal Employment Opportunity Policy, Delta prohibits retaliation against employees who raise such concerns.

10. Delta also encourages employees who need a workplace accommodation to work with its Accommodations Team to explore available accommodations, while strictly prohibiting retaliation against employees who avail themselves of this process. A true and accurate copy of Delta's Accommodation Program in place between August 2, 2021, through the end of Plaintiff Laurie

Parke's employment with Delta, is attached to Delta's Motion for Summary Judgment as Exhibit 12.

11. During the COVID-19 pandemic, Delta never required employees to become vaccinated against COVID-19.

12. The COVID-19 pandemic presented unique challenges for the airline industry. Delta had to frequently change or adjust its policies. As it did so, Delta sent employees updates about the pandemic, its evolution, federal and local masking requirements, and vaccination guidelines.

13. Beginning on January 25, 2021, Delta instituted its own policy requiring employees to wear a mask anytime they were at an airport or on a Delta aircraft. The policy contained exceptions, including for employees who were actively eating or drinking. The policy also encouraged employees unable to wear a mask "due to health restrictions or disabilities" to contact Delta's accommodations team. A true and accurate copy of this policy is attached to Delta's Motion for Summary Judgment as Exhibit 15.

14. Delta's Accommodations team keeps records of all employees who reach out to seek a workplace accommodation, including all employees who sought an exemption from Delta's masking policy during the COVID-19 pandemic. In my role, I have or have had access to these records.

15. I have reviewed the records of our Accommodations team and confirmed that there is no record indicating Plaintiff requested an accommodation to exempt her from compliance with this policy at any time during her employment with Delta.

16. In September 2021, Delta began the process of collecting information, from those that agreed to provide it, on its employees' vaccination status and the objections/concerns that its unvaccinated employees had about the vaccines. This was all done on a voluntary basis. At the time, we anticipated that Delta would need to have this information in hand to comply with federal directives.

17. Plaintiff reported to Field Service Manager Patrick Garrett.

18. As her manager, Mr. Garrett was responsible for spearheading an investigation into any conduct concerns reported regarding Plaintiff.

19. On April 18, 2022, I received an email from Orlando Base Manager Jennifer Biyogue asking Mr. Garrett to speak with Plaintiff regarding a report of mask non-compliance. A true and accurate copy of this email is attached to Delta's Motion for Summary Judgment as Exhibit 93.

20. On April 20, 2022, I received an email from Mr. Garrett asking to meet via Teams with me, Ms. Biyogue, and Corporate Director of Base Operations Claudine Rydstrand. A true and accurate copy of this email is attached to Delta's Motion for Summary Judgment as Exhibit 90. Mr. Garrett had already prepared an

investigation summary and collected witness statements, incident reports, and passenger complaints which he attached to the email for our review. *See id.* These statements, incident reports, and complaints corroborated that Plaintiff had refused to wear a mask on April 18, 2022, while working a flight, despite the fact that at that time, Delta's policy still required her to wear a mask. Because of that policy, the flight could not depart unless and until she put a mask on. While the information Mr. Garrett collected reflect that Plaintiff did, eventually, consent to put a mask on, her behavior delayed the flight's departure.

21. We met later that day. We discussed and reviewed the information we had collected thus far, and we met several times after this over Teams to further discuss the progress and status of Mr. Garrett's investigation.

22. By April 28, 2022, Mr. Garrett had recommended – and I agreed – that the available evidence confirmed that Plaintiff's conduct was so concerning that we needed to suspend her while the investigation continued and was completed. Specifically, we felt Plaintiff's behavior on April 18, 2022 violated Delta's Advocacy Policy, Rules of the Road, Way We Fly, Code of Ethics and Business Conduct and our Professionalism & Respect policies. True and accurate copies of these policies are attached to Delta's Motion for Summary Judgment as Exhibits 11, 67, 68, 69, and 91.

23. I completed a Recommendation for Plaintiff's suspension on April 28, 2022, incorporating our conclusions. A true and accurate copy of that recommendation is attached to Delta's Motion for Summary Judgment as Exhibit 49.

24. As Plaintiff's manager, it was Mr. Garrett's decision to determine whether termination was warranted.

25. On April 29, 2022, Mr. Garrett prepared a recommendation for Plaintiff's termination, which he circulated to me, Ms. Biyogue, and Ms. Rydstrand. A true and accurate copy of that recommendation is attached to Delta's Motion for Summary Judgment as Exhibit 92.

26. Mr. Garrett also discussed the available information with me, Ms. Biyogue, Ms. Rydstrand, as well as my manager Leah Gajria, over several meetings.

27. On May 5, 2022, I prepared a formal memorandum echoing and adopting Mr. Garrett's recommendation for Plaintiff's termination and sent it to Ms. Gajria to ensure she was aligned with the decision. A true and accurate copy of that memorandum is attached to Delta's Motion for Summary Judgment as Exhibit 53.

28. As outlined in that memorandum, after discussing internally and in recognition of her many years of service at Delta, we decided to offer Plaintiff the opportunity to resign in lieu of termination as is our standard practice for employees who are retirement eligible and have been recommended for termination.

29. Ms. Biyogue and Mr. Garrett told me that they met with Plaintiff in May 2022 and delivered Delta's decision to end her employment and to offer her the opportunity to resign. Although Delta gave Plaintiff several extensions of time to consider this offer, Plaintiff ultimately rejected that option.

EXECUTED ON THIS 12-Aug-2026 DAY OF AUGUST, 2026.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing information contained in the declaration is true and correct.

Signed by:



98D5A4752BF04DD...

Hannah Reyes

docusign

## Certificate Of Completion

| | | |
|---|---|---|
| Envelope Id: 00CB5A83-827F-864F-83FD-AFAFFBE2F71F | | Status: Completed |
| Subject: Complete with Docusign: Declaration of Hannah Reyes.pdf | | |
| Source Envelope: | | |
| Document Pages: 7 | Signatures: 1 | Envelope Originator: |
| Certificate Pages: 2 | Initials: 0 | Elba Chinea |
| AutoNav: Enabled | | 50 International Drive, Suite 300 |
| EnvelopeId Stamping: Enabled | | Greenville, SC 29615 |
| Time Zone: (UTC-05:00) Eastern Time (US & Canada) | | Elba.Chinea@ogletreedeakins.com |
| | | IP Address: 72.17.83.90 |

## Record Tracking

| | | |
|---|---|---|
| Status: Original<br>8/12/2026 1:32:01 PM | Holder: Elba Chinea<br>Elba.Chinea@ogletreedeakins.com | Location: DocuSign |

| Signer Events | Signature | Timestamp |
|---|---|---|
| Hannah Reyes<br>Hannah.reyes@delta.com<br>Security Level: Email, Account Authentication (None) | Signed by:<br>98D5A4752BF04DD...<br><br>Signature Adoption: Drawn on Device<br>Using IP Address:<br>2600:1005:b26f:aa5d:e011:95ba:a9dc:1a2b<br>Signed using mobile | Sent: 8/12/2026 1:33:46 PM<br>Viewed: 8/12/2026 3:47:31 PM<br>Signed: 8/12/2026 3:52:23 PM |

**Electronic Record and Signature Disclosure:**
Accepted: 8/12/2026 3:47:31 PM
ID: 9896b337-4edf-4455-b535-f6d9bc56b889

| In Person Signer Events | Signature | Timestamp |
|---|---|---|

| Editor Delivery Events | Status | Timestamp |
|---|---|---|

| Agent Delivery Events | Status | Timestamp |
|---|---|---|

| Intermediary Delivery Events | Status | Timestamp |
|---|---|---|

| Certified Delivery Events | Status | Timestamp |
|---|---|---|

| Carbon Copy Events | Status | Timestamp |
|---|---|---|

| Witness Events | Signature | Timestamp |
|---|---|---|

| Notary Events | Signature | Timestamp |
|---|---|---|

| Envelope Summary Events | Status | Timestamps |
|---|---|---|
| Envelope Sent | Hashed/Encrypted | 8/12/2026 1:33:46 PM |
| Certified Delivered | Security Checked | 8/12/2026 3:47:31 PM |
| Signing Complete | Security Checked | 8/12/2026 3:52:23 PM |
| Completed | Security Checked | 8/12/2026 3:52:23 PM |

| Payment Events | Status | Timestamps |
|---|---|---|

## Electronic Record and Signature Disclosure

**CONSENT TO RECEIVE, REVIEW, ACCESS, SIGN, & AUTHENTICATE CERTAIN DOCUMENTS, FORMS, LETTERS, & OTHER INFORMATION ELECTRONICALLY (" E-Signature Disclosures & Consent" )**

By checking the box indicating that you agree to use electronic records and signatures, you are agreeing to electronically access, receive, review, sign, and authenticate this document (the " Document" ), which may be covered by the federal Electronic Signatures in Global and National Commerce Act, various state electronic transactions acts, and/or the separate state laws of New York.

By checking the box indicating that you agree to use electronic records and signatures, you are agreeing that your electronic signature is the equivalent of your handwritten (or wet) signature, with all the same legal and binding effect.

To access this Document electronically, you must have a personal computer or mobile device and an operating system capable of receiving, accessing, displaying, and either printing or storing information. To retain this Document, you may either print or download them. You may obtain a paper copy of the Document by contacting Ogletree, Deakins, Nash, Smoak & Stewart, P.C., Patewood IV, 50 International Drive, Suite 300, Greenville, South Carolina 29615. You may be charged a reasonable fee to cover the costs of providing a paper copy.